UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

DAVID CHERRY, Personal Representative )
of the ESTATE OF PAMELA CHERRY, )
DECEASED, )
 )
    Plaintiff, )
 )    CASE NO. _____
vs. )
 )    JURY DEMAND
MACON HOSPITAL, INC. d/b/a MACON )
COUNTY GENERAL HOSPITAL and )
HANNA C. ILIA, M.D., )
 )
    Defendants. )

## COMPLAINT

Comes now the Plaintiff, David Cherry, Personal Representative of the Estate of Pamela Cherry, deceased, by and through his attorneys, D. Bruce Kehoe and Joe Bednarz, Sr., and sues the Defendants, Macon Hospital, Inc. d/b/a Macon County General Hospital and Hanna C. Ilia, M.D., for medical malpractice and wrongful death pursuant to T.C.A. §29-26-121 and §29-26-122.

## PARTIES

1.    This cause of action is brought based upon diversity of citizenship as cited in §28 U.S.C.A. 1332, and the matter in controversy exceeds the sum of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs.

2.    Plaintiff, David Cherry, is a resident of Indianapolis, County of Marion, State of Indiana, and is a citizen thereof, having resided for many years at 1152 Fletcher Avenue, Indianapolis, Indiana, 46203.

1

3. Plaintiff, David Cherry, was appointed as the Personal Representative of the Estate of Pamela Cherry on July 6, 2011, under Cause No. 49D08-1107-ES02-5939, in Marion County Superior Court, Probate Division.

4. At the time of her death, the decedent, Pamela Cherry, was a resident of Indianapolis, County of Marion, State of Indiana, and a citizen thereof and resided at 1152 Fletcher Avenue, Indianapolis, Indiana, 46203. She is survived by her husband, David Cherry and minor daughter, Stevie Nikole Cherry.

5. The Defendant, Hanna C. Ilia, M.D., is a citizen of the State of Tennessee, who currently and at all times complained of herein was and is licensed to practice medicine in the State of Tennessee, with his principle place of business at the Family Medical Center, PLLC, 207 West Locust Street, Lafayette, Tennessee, 37083.

6. The Defendant Macon Hospital, Inc. d/b/a Macon County General Hospital is a hospital organized and existing under the laws of the State of Tennessee, which currently and at all times complained of herein provided medical services in the State of Tennessee with its principal place of business at 204 Medical Drive, Lafayette, Tennessee, 37083, and a citizen of Tennessee.

7. The Plaintiff hereby avers that, through undersigned counsel, he has complied with the provisions of Tenn. Code Ann. §29-26-121(a) by having mailed on March 13, 2012, by certified mail, return receipt requested, a Notice of Claim to the Defendant, Hanna C. Ilia, M.D., at the address listed for the Defendant on the Tennessee Department of Health website, 207 West Locust Street, Lafayette, Tennessee, 37083. (Affidavit of Sherrie E. Frydell attached hereto as Exhibit A and incorporated by reference pursuant to T.R.C.P. 10 (c). As Exhibit A confirms, a legally sufficient Notice of Claim was sent by certified mail, return receipt requested, to the

Defendant Hanna C. Ilia, M.D. on March 13, 2012. (Exhibits 1 and 2 to Exhibit A). The Notice of Claim included HIPPA complaint authorizations permitting the Defendant Hanna C. Ilia, M.D. to obtain the relevant medical records of the claimant, decedent Pamela Cherry, from Macon County General Hospital. (Exhibit 3 to Exhibit A). The Notice of Claim, and all attachments thereto, were delivered by the U.S. Postal Service on or about March 15, 2012. (Exhibit 4 to Exhibit A). Accordingly, the Plaintiff avers that the requirements of Tenn. Code Ann. §29-26-121 (a) have been satisfied as to the Defendant Hanna C. Ilia, M.D.

8. The Plaintiff further avers that, through undersigned counsel, he has complied with the provisions of Tenn. Code Ann. §29-26-121(a) by having mailed on March 13, 2012, by certified mail, return receipt, a Notice of Claim to the Defendant Macon Hospital, Inc. d/b/aMacon County General Hospital, at the addresses listed for the Defendant on the Tennessee Departmentof Health website and the Tennessee Secretary of State at: 204 Medical Drive, Lafayette, Tennessee, 37083, c/o Charles Darnell, Registered Agent and Dennis A. Wolford, F.A.C.H.E., Administrator. (Affidavit of Sherrie E. Frydell, attached hereto as Exhibit B and incorporated by reference pursuant to T.R.C.P. 10 (c)). Exhibit B confirms that a legally sufficient Notice of Claim was sent bycertified mail, return receipt requested, to the Defendant Macon Hospital, Inc. d/b/aMacon County General Hospital on March 13, 2012. (Exhibits 1 and 2 to Exhibit B). The Notice of Claim included HIPPA compliant authorizations permitting the Defendant Macon Hospital, Inc. d/b/aMacon County General Hospital to obtain the relevant medical records of the claimant, decedent Pamela Cherry, from Hanna C. Ilia, M.D. (Exhibit 3 to Exhibit B). The Notice of Claim, and all theattachments thereto, were delivered by the U. S. Postal Service on March 15, 2012. (Exhibit 4) As is confirmed by Exhibit B, and the exhibits

thereto, the Plaintiff avers that the requirements of Tenn. Code Ann. §29-26-121(a) have been satisfied as to theDefendant Macon Hospital, Inc. d/b/aMacon County General Hospital.

## CERTIFICATE OF GOOD FAITH

9. The Plaintiff avers that, in accordance with the provisions of Tenn. Code Ann. §29-26-122, Plaintiff's counsel has consulted with one (1) or more medical experts who have provided signed written statements confirming that, upon information and belief, in conformity with the provisions of Tenn. Code Ann. §29-26-115, they are qualified and competent to expressexpert opinions in this case and that there is a good faith basis to maintain the instant actionagainst the Defendants. Attached as Exhibit C is the Plaintiff's Certificate of Good Faith in aMedical Malpractice Case.

## FACTUAL BACKGROUND

10. While on vacation in Tennessee, claimant, Pamela Cherry began experiencing chest and jaw pains. She was taken to the Macon County General Hospital in Lafayette, Tennessee, and treated by their agents and employees. She was seen in the emergency room by Dr. Hanna Ilia. In the emergency room, her blood was drawn and two EKG tests were performed. Pamela Cherry was dismissed from the emergency room still with chest and jaw pain with a tentative diagnosis of acid reflux. The next morning, while making coffee, Pamela Cherry collapsed and was rushed back to the hospital. From the hospital she was flown to Vanderbilt University, where she died from a myocardial infarction on June 1, 2011.

## ALLEGATIONS OF NEGLIGENCE - HANNA C. ILIA, M.D.

11. The Defendant, Hanna C. Ilia, M.D., violated the standards of acceptable professional practice for Lafayette, Tennessee or a similar community in providing and/or failing

4

to provide reasonable medical care and treatment to decedent, Pamela Cherry. The wrongful death of plaintiff was a direct and proximate result of the Defendants' negligence. Without limiting the specific allegations of negligence, Dr. Hanna Ilia, was specifically negligent:

    a. failing to obtain an adequate history, including cardiac history;

    b. by failing to properly diagnosis and treat Pamela Cherry for signs of a heart attack;

    c. by prematurely dismissing Pamela Cherry from the emergency room;

    d. by failing to provide Pamela Cherry with sufficient information regarding her symptoms and EKG test results;

    e. releasing Pamela Cherry in unstable medical condition.

## ALLEGATIONS OF NEGLIGENCE – MACON HOSPITAL, INC. D/B/A MACON COUNTY GENERAL HOSPITAL

12. That through its agents and employees, Defendant, Macon Hospital, Inc. d/b/a Macon County General Hospital, violated standards of acceptable care in their failure to obtain an adequate history, perform a physical assessment, report complaints and observations to Dr. Ilia and for releasing Pamela Cherry in an unstable condition. The wrongful death of Pamela cherry was a direct and proximate result of the Defendant's negligence.

## DAMAGES

13. Pamela Cherry's death on June 1, 2011 was the direct and proximate result of Defendants' failure to comply with the applicable standard of care. Pamela Cherry left surviving as next of kin her widower, David Cherry, and her minor daughter, Stevie Nikole Cherry. As a result of Pamela Cherry sustaining injuries and her eventual death, there were incurred medical, funeral, and burial expenses, and Pamela Cherry suffered mental and physical suffering between the time of her injury and her death. As a further result of the wrongful death of Pamela Cherry,

5

David Cherry and Stevie Nikole Cherry have lost her services and support, her companionship and acts of love and affection, parental guidance and training, and David's loss of marital relationship, all of which they would have otherwise received.

## AD DAMNUM

WHEREFORE, David Cherry, Personal Representative of the Estate of Pamela Cherry, deceased, seeks judgment against the Defendants, Hanna C. Ilia, M.D. and Macon Hospital, Inc. d/b/a Macon County General Hospital, for such an amount as will reasonably compensate them for the damages incurred in this loss, for costs of this action, and for all other just and proper relief in the premises, and demands a jury to try this cause.

Respectfully submitted,

BEDNARZ & BEDNARZ


_____
Joe Bednarz, Sr.
Attorney #9347
BEDNARZ & BEDNARZ
Suite 2100, Parkway Towers
404 James Robertson Parkway
Nashville, TN 37219-1505
TEL: (615) 256-0100
FAX: (615) 256-4130
E-mail Joe@BednarzLaw.com


WILSON KEHOE WININGHAM LLC

_____
D. Bruce Kehoe
Indiana Attorney #5410-49
WILSON KEHOE WININGHAM LLC
2859 North Meridian Street
P.O. Box 1317
Indianapolis, IN 46206-1317
TEL: (317) 920-6400
FAX: (317) 920-6405
E-mail kehoe@wkw.com

Attorneys for Plaintiff