UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

DAVID CHERRY, Personal Representative )
of the ESTATE OF PAMELA CHERRY, )
DECEASED, )
                                               )
        Plaintiff, )
                                               )      CASE NO. 2:12-cv-00043
vs. )
                                               )
MACON HOSPITAL, INC. d/b/a MACON )
COUNTY GENERAL HOSPITAL and )
HANNA C. ILIA, M.D., )
                                               )
        Defendants. )

## INITIAL CASE MANAGEMENT ORDER

        A.        JURISDICTION:        The court has jurisdiction pursuant to 28 U.S.C. § 1331. Jurisdiction is not disputed.

        B.        BRIEF THEORIES OF THE PARTIES:

                1)        PLAINTIFF:

        Plaintiff claims that the medical care provided to Pamela Cherry on May 30, 2011 was below the applicable standard of care in failing to rule out a cardiac cause for Pamela Cherry's symptoms of severe non-traumatic chest pain which went into her jaw and neck. It is alleged that Pamela should have been kept in the emergency room for further observation and intervention and/or transferred to an appropriate facility for further cardiac evaluation and management. The defendants, and each of them, failed to promulgate and/or follow appropriate protocols, guidelines, or standards for care. As a result of those failings and Pamela Cherry being released, she went on to suffer a cardiac failure and collapse within the ensuing nine (9) hours which eventually led to her untimely and wrongful death. Pamela Cherry is survived by

her husband, David Cherry, and daughter, Stevie Nikole Cherry. Plaintiff claims all available damages under Tennessee wrongful death provisions, including, but not limited to, the loss of support, love, and companionship lost by her husband and daughter as well for the damages incurred by Pamela Cherry for her injuries, pain, and suffering from the time of the above-described negligence until the time of her death.

2) DEFENDANT MACON HOSPITAL, INC. d/b/a MACON COUNTY GENERAL HOSPITAL:

Defendant Macon Hospital, Inc. d/b/a Macon County General Hospital (hereinafter "MCGH") submits that the medical care and treatment rendered by MCGH complied with the recognized and applicable standard of care commensurate with that ordinarily maintained in the Lafayette, Macon County, Tennessee or similar community relative to the type hospital services it actually rendered to Pamela Cherry. In addition, Defendant contends that nothing it or any of its employees allegedly did wrong, or allegedly failed to do, caused any injury to Pamela Cherry that otherwise would not have occurred. To the extent Plaintiff states or implies vicarious liability as to MCGH on the basis of alleged negligence of defendant Hanna C. Ilia, M.D., MCGH denies any such liability on the grounds that Dr. Ilia was neither an employee nor agent of MCGH, meaningful written notice of which was provided and acknowledged at the time of admission.

If MCGH is deemed negligent, which is denied, such negligence must be apportioned among all responsible persons, parties, or entities. Accordingly, should discovery reveal that acts or omissions of other parties or non-parties caused or contributed to the alleged injuries and damages, the doctrine of comparative fault is applicable to these parties or non-parties. Based

upon the allegations contained in the Complaint against its co-defendant and to the extent applicable, MCGH invokes the doctrine of comparative fault.

MCGH affirmatively relies upon all legal elements and defenses available to it pursuant to Tennessee's Medical Malpractice Act, Tenn. Code Ann. §§ 29-26-101, *et seq.*, and the provisions of and all defenses contained in Tenn. Code Ann. § 68-11-205.

      3)     DEFENDANT HANNA C. ILIA, M.D.:

It is the position of Dr. Ilia that at all times relevant to the issues in the Complaint that he complied with the acceptable standard of care for emergency room physicians practicing in Macon County, Tennessee. Furthermore, it is the position of Dr. Ilia that he did not cause or contribute to the death of Pamela Cherry. As such, it is Defendant's position that he is not liable for damages sought in Plaintiff's Complaint.

The Plaintiff has alleged that Macon Hospital, Inc. d/b/a Macon County General Hospital and its employees violated standards of acceptable care and their failure to obtain an adequate history, perform a physical assessment, report complaints and observations to Dr. Ilia, and for releasing Pamela Cherry in an unstable condition. If the Plaintiff's allegations pertaining to the aforementioned Defendant and employees, which are incorporated herein and by reference thereto solely for the purpose of reliance on the Doctrine of Comparative Fault, are proven to be true, then this Defendant relies on the Doctrine of Comparative Fault. Dr. Hanna C. Ilia denies the allegations of negligence against him and asserts that the fault, if any, found in this case on the part of any other party or third party, must be apportioned among the parties and non-parties found to be at fault and that any judgment awarded against this Defendant in favor of the Plaintiff must be reduced by the percentage of fault that is found to be attributable to all parties, including the Plaintiff, or non-parties to this action.

C. ISSUES RESOLVED: Jurisdiction and venue.

D. ISSUES STILL IN DISPUTE: Liability, proximate cause, and damages.

E. MANDATORY INITIAL DISCLOSURES: The parties shall exchange initial disclosures pursuant to FED. R. CIV. P. 26(a)(1) on or before August 20, 2012.

F. DISCOVERY: The parties shall complete all written discovery and depose all fact witnesses on or before December 1, 2012. Discovery is not stayed during dispositive motions, unless ordered by the court. Local Rule 33.01(b) is expanded to allow 40 interrogatories, including subparts. No motions concerning discovery are to be filed until after the parties have conferred in good faith and, unable to resolve their differences, have scheduled and participated in a conference call with Judge Trauger.

G. MOTIONS TO AMEND: The parties shall file all Motions to Amend on or before January 1, 2013.

H. DISCLOSURE OF EXPERTS: The plaintiff shall identify and disclose all expert witnesses and expert reports on or before January 15, 2013. The defendants shall identify and disclose all expert witnesses and reports on or before March 15, 2013. Rebuttal experts, if any, shall be identified and disclosed (along with expert reports) on or before April 15, 2013.

I. DEPOSITIONS OF EXPERT WITNESSES: The parties shall depose all expert witnesses on or before May 1, 2013.

J. JOINT MEDIATION REPORT: The parties shall file a joint mediation report on or before March 20, 2013.

K. DISPOSITIVE MOTIONS: The parties shall file all dispositive motions on or before June 1, 2013. Responses to dispositive motions shall be filed within twenty (20) days after the filing of the motion. Optional replies may be filed within ten (10) days after the filing

of the response.  Briefs shall not exceed 20 pages.  No motion for partial summary judgment shall be filed except upon leave of court.  Any party wishing to file such a motion shall first file a separate motion that gives the justification for filing a partial summary judgment motion in terms of overall economy of time and expense for the parties, counsel and the court.

    L.    ELECTRONIC DISCOVERY:  The parties have reached agreements on how to conduct electronic discovery.  Therefore, the default standard contained in Administrative Order No. 174 need not apply to this case.

    M.    TRIAL DATE AND ESTIMATED TRIAL TIME:  The parties expect the trial to last approximately 5-7 trial days.  ~~This action is set for jury trial on Tuesday, August 16, 2013~~.

It is so **ORDERED**.

_____
**ALETA A. TRAUGER**
U.S. District Judge

APPROVED FOR ENTRY:

Joe Bednarz Sr.
D. Bruce Kehoe
Attorneys for Plaintiff

Winston N. Harless
Reba Brown
Attorneys for Defendant Macon Hospital, Inc.

John F. Floyd
Attorney for Defendant Hanna C. Ilia, M.D.

5

Case 2:12-cv-00043   Document 24   Filed 08/06/12   Page 5 of 5 PageID #: 104