**IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION**

DAVID CHERRY, personal representative of the )
Estate of Pamela Cherry, deceased, )
                                                                                                   )
    Plaintiff, )
                                                                                                   )
v. ) Civil No. 2:12-0043
                                                                                                   ) Judge Trauger
MACON HOSPITAL, INC., d/b/a Macon County )
General Hospital, and HANNA C. ILIA, M.D., )
                                                                                                   )
    Defendants. )

## ORDER RESETTING JURY TRIAL

1.    Trial resetting: This case is reset for jury trial on Tuesday, January 14, 2014, at 9:00 a.m. in **Courtroom 873 of the United States Courthouse, 801 Broadway, Nashville, Tennessee**.

2.    Pretrial conference resetting: A pretrial conference shall be held in **Judge Trauger's chambers, Room 825 United States Courthouse, 801 Broadway, Nashville, Tennessee**, on January 10, 2014, at 1:30 p.m. Lead counsel for each party must attend the pretrial conference. If lead counsel is not from Tennessee, local counsel must also attend.

3.    Information exchanged but not filed: By December 24, 2013, the parties shall exchange copies of exhibits and make available for examination by any opposing party the original of all exhibits. By this same date, the parties shall exchange designations of portions of depositions which are to be read into evidence during the case in chief. The parties should attempt to agree on additions to the designations necessary to put responses into context.

4.    Filings required prior to pretrial conference: The following shall be filed by January 7, 2014:

    a.    witness lists;

    b.    exhibit lists (Plaintiff's exhibits shall be premarked as "P-1, P-2," etc.; defendant's exhibits shall be premarked as "D-1, D-2," etc. The authenticity of exhibits should be stipulated to if at all possible. Failure to include an exhibit on this exhibit list will result in its not being admitted into evidence at trial, except upon a showing of good cause.);

      c.      stipulations; and

      d.      expert witness statements as described in Local Rule 39.01(c)(6)c.[1]

5. <u>Motions in limine</u>: Motions in limine shall be filed by <u>December 27, 2013</u>. Responses shall be filed by <u>January 7, 2014</u>.

6. <u>Pretrial Order</u>: By <u>January 7, 2014</u>, the parties shall file a joint proposed Pretrial Order which shall contain the following:

      a.      a recitation that the pleadings are amended to conform to the Pretrial Order and that the Pretrial Order supplants the pleadings;

      b.      the jurisdictional basis for the action and whether jurisdiction is disputed;

      c.      a short summary of each party's theory (prepared by the party);

      d.      a listing of the contested issues of law, with a designation of whether the issue is for the jury or the judge; and

      e.      a listing of known evidentiary disputes, including those involving deposition designations.

7. <u>Duration of trial</u>: The trial of this case is expected to last <u>5-7</u> days.

8. <u>Jury costs</u>: If the case settles closer to trial than two business days, the cost of summoning the jury may be assessed against the parties.

It is so **ORDERED**.

ENTER this 4th day of February 2013.

_____
ALETA A. TRAUGER
U.S. District Judge

---

[1] Judge Trauger requires the filing of medical expert (as opposed to treating physician) statements as well. The exclusion for medical expert statements in the referenced Local Rule does not apply in her court.