IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

| | | |
|---|---|---|
| DAVID CHERRY, Personal Representative of the ESTATE of PAMELA CHERRY, DECEASED, | ) ) ) ) | |
| Plaintiff, | ) ) ) | |
| vs. | ) ) ) | CASE NO. 2:12-00043 JUDGE TRAUGER/KNOWLES |
| MACON HOSPITAL, INC. d/b/a MACON COUNTY GENERAL HOSPITAL and HANNA C. ILIA, M.D., | ) ) ) ) ) | |
| Defendants. | ) | |

## ORDER

This matter is before the Court upon Plaintiff's "Motion to Strike Defendant Hanna C. Ilia, M.D.'s Reply to Plaintiff's Response in Opposition to Defendant's Motion to Compel and Alternative Motion to File Sur-Reply." Docket No. 62.

Motions to Strike are governed by Fed. R. Civ. P. 12(f), which states:

> The court may strike *from a pleading* an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. The court may act:
>
> (1) on its own; or
> (2) on motion made by a party either before responding to the pleading or, if a response is not allowed, within 20 days after being served with the pleading.

Fed. R. Civ. P. 12(f) (emphasis added).

Motions to Strike are applicable only to pleadings.  *See Fox v. Michigan State Police Dept.*, 2006 U.S. App. LEXIS 5019 (6th Cir.) at **5-6; *Wimberly v. Clark Controller Co.,* 364 F.2d 225, 227 (6th Cir. 1966).  *See also Lombard v. MCI Telecommunications Corp.,* 13 F. Supp. 2d 621, 625 (N.D. Ohio 1998);  *Hrubec v. National R.R. Passenger Corp.,* 829 F. Supp. 1502, 1506 (N.D. Ill. 1993).

The instant Motion is not a pleading, and, therefore, it cannot be stricken.  Therefore, Plaintiff's "Motion to Strike" is DENIED.

Plaintiff's Alternative Motion for Leave to File a Sur-Reply is, however, GRANTED.  Plaintiff shall file his Sur-Reply within fourteen (14) days from the entry of the instant Order.

IT IS SO ORDERED.

							_____
							E. Clifton Knowles
							United States Magistrate Judge