UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

DAVID CHERRY, Personal Representative )
of the ESTATE OF PAMELA CHERRY, )
DECEASED, )
                                                                 )
            Plaintiff, )
                                                                 )
vs. ) CASE NO. 2:12-cv-00043
                                                                   )
MACON HOSPITAL, INC. d/b/a MACON )
COUNTY GENERAL HOSPITAL, )
HANNA C. ILIA, M.D., JAMES )
BARLOW, JIMMY PHILPOTT, CELINA )
FIRE DEPARTMENT EMS, and CLAY )
COUNTY E911 BOARD )
                                                                 )
            Defendants. )

## PLAINTIFF'S AMENDED COMPLAINT

Comes now the Plaintiff, David Cherry, Personal Representative of the Estate of Pamela Cherry, deceased, by and through his attorneys, D. Bruce Kehoe and Joe Bednarz, Sr., and sues the Defendants, Macon Hospital, Inc. d/b/a Macon County General Hospital, Hanna C. Ilia, M.D., James Barlow, Jimmy Philpott, Celina Fire Department EMS, and Clay County E911 Board for medical malpractice and wrongful death pursuant to T.C.A. §29-26-121 and §29-26-122.

PARTIES

1.      This cause of action is brought based upon diversity of citizenship as cited in §28 U.S.C.A. 1332, and the matter in controversy exceeds the sum of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs.

1

2. Plaintiff, David Cherry, is a resident of Indianapolis, County of Marion, State of Indiana, and is a citizen thereof, having resided for many years at 1152 Fletcher Avenue, Indianapolis, Indiana, 46203.

3. Plaintiff, David Cherry, was appointed as the Personal Representative of the Estate of Pamela Cherry on July 6, 2011, under Cause No. 49D08-1107-ES02-5939, in Marion County Superior Court, Probate Division.

4. At the time of her death, the decedent, Pamela Cherry, was a resident of Indianapolis, County of Marion, State of Indiana, and a citizen thereof and resided at 1152 Fletcher Avenue, Indianapolis, Indiana, 46203. She is survived by her husband, David Cherry and minor daughter, Stevie Nikole Cherry.

5. The Defendant, Hanna C. Ilia, M.D., is a citizen of the State of Tennessee, who currently and at all times complained of herein was and is licensed to practice medicine in the State of Tennessee, with his principle place of business at the Family Medical Center, PLLC, 207 West Locust Street, Lafayette, Tennessee, 37083.

6. The Defendant Macon Hospital, Inc. d/b/a Macon County General Hospital is a hospital organized and existing under the laws of the State of Tennessee, which currently and at all times complained of herein provided medical services in the State of Tennessee with its principal place of business at 204 Medical Drive, Lafayette, Tennessee, 37083, and a citizen of Tennessee.

7. The Defendant, James Barlow, is a citizen of the State of Tennessee, who currently and at all times complained of herein was and is licensed as a paramedic in the State of Tennessee, who currently and at all times complained of herein provided medical services in the

State of Tennessee with his principal place of business at 211 Green Street, Celina, Tennessee 38551.

8. The Defendant, Jimmy Philpott, is a citizen of the State of Tennessee, who currently and all times complain of herein was and is licensed as an emergency medical technician, in the State of Tennessee, who currently and at all times complained of herein provided medical services in the State of Tennessee with his principal place of business at 211 Green Street, Celina, TN 38551.

9. The Defendant, Celina Fire Department EMS, is an emergency medical services provider, which currently and at all times complained of herein provided medical services in the State of Tennessee with its principal place of business at 211 Green Street, Celina, Tennessee 38551, and a citizen of Tennessee. Upon information and belief, the Celina Fire Department EMS was at all times pertinent to this action, operated by the City of Celina, pursuant to an agreement with Clay County.

10. The Defendant, Clay County E911 Board, is an emergency medical services provider, which currently and at all times complained of herein provided medical services in the State of Tennessee with its principal place of business at 400 W Lake Avenue, Celina, Tennessee 38551, and a citizen of Tennessee. Upon information and belief, the Clay County E911 Board is operated by employees of Clay County.

11. This is an action under the Tennessee Governmental Tort Liability Act (GTLA) Tenn. Code Ann. §29-20-101, et. seq. Under said act, both the City of Celina, Tennessee and Clay County, Tennessee are liable for the negligent acts or omissions of employees under the GTLA and the doctrine of respondeat superior and other agency relationships.

12. The Plaintiff hereby avers that, through undersigned counsel, he has complied with the provisions of Tenn. Code Ann. §29-26-121(a) by having mailed on March 13, 2012, by certified mail, return receipt requested, a Notice of Claim to the Defendant, Hanna C. Ilia, M.D., at the address listed for the Defendant on the Tennessee Department of Health website, 207 West Locust Street, Lafayette, Tennessee, 37083. (Affidavit of Sherrie E. Frydell attached hereto as Exhibit A and incorporated by reference pursuant to T.R.C.P. 10 (c). As Exhibit A confirms, a legally sufficient Notice of Claim was sent by certified mail, return receipt requested, to the Defendant Hanna C. Ilia, M.D. on March 13, 2012. (Exhibits 1 and 2 to Exhibit A). The Notice of Claim included HIPPA complaint authorizations permitting the Defendant Hanna C. Ilia, M.D. to obtain the relevant medical records of the claimant, decedent Pamela Cherry, from Macon County General Hospital. (Exhibit 3 to Exhibit A). The Notice of Claim, and all attachments thereto, were delivered by the U.S. Postal Service on or about March 15, 2012. (Exhibit 4 to Exhibit A). Accordingly, the Plaintiff avers that the requirements of Tenn. Code Ann. §29-26-121 (a) have been satisfied as to the Defendant Hanna C. Ilia, M.D.

13. The Plaintiff further avers that, through undersigned counsel, he has complied with the provisions of Tenn. Code Ann. §29-26-121(a) by having mailed on March 13, 2012, by certified mail, return receipt, a Notice of Claim to the Defendant Macon Hospital, Inc. d/b/a Macon County General Hospital, at the addresses listed for the Defendant on the Tennessee Department of Health website and the Tennessee Secretary of State at: 204 Medical Drive, Lafayette, Tennessee, 37083, c/o Charles Darnell, Registered Agent and Dennis A. Wolford, F.A.C.H.E., Administrator. (Affidavit of Sherrie E. Frydell, attached hereto as Exhibit B and incorporated by reference pursuant to T.R.C.P. 10 (c)). Exhibit B confirms that a legally sufficient Notice of Claim was sent by certified mail, return receipt requested, to the Defendant

4

Macon Hospital, Inc. d/b/a Macon County General Hospital on March 13, 2012. (Exhibits 1 and 2 to Exhibit B). The Notice of Claim included HIPPA compliant authorizations permitting the Defendant Macon Hospital, Inc. d/b/a Macon County General Hospital to obtain the relevant medical records of the claimant, decedent Pamela Cherry, from Hanna C. Ilia, M.D. (Exhibit 3 to Exhibit B). The Notice of Claim, and all the attachments thereto, were delivered by the U. S. Postal Service on March 15, 2012. (Exhibit 4) As is confirmed by Exhibit B, and the exhibits thereto, the Plaintiff avers that the requirements of Tenn. Code Ann. §29-26-121(a) have been satisfied as to the Defendant Macon Hospital, Inc. d/b/a Macon County General Hospital.

## CERTIFICATE OF GOOD FAITH

14. The Plaintiff avers that, in accordance with the provisions of Tenn. Code Ann. §29-26-122, Plaintiff's counsel has consulted with one (1) or more medical experts who have provided signed written statements confirming that, upon information and belief, in conformity with the provisions of Tenn. Code Ann. §29-26-115, they are qualified and competent to express expert opinions in this case and that there is a good faith basis to maintain the instant action against the Defendants. Attached as Exhibit C is the Plaintiff's Certificate of Good Faith in a Medical Malpractice Case.

## FACTUAL BACKGROUND

15. While on vacation in Tennessee, claimant, Pamela Cherry began experiencing chest and jaw pains. She was taken to the Macon County General Hospital in Lafayette, Tennessee, and treated by their agents and employees. She was seen in the emergency room by Dr. Hanna Ilia. In the emergency room, her blood was drawn and two EKG tests were performed. Pamela Cherry was dismissed from the emergency room still with chest and jaw pain with a tentative diagnosis of acid reflux.

5

16. The next morning, while making coffee, Pamela Cherry collapsed and was rushed back to the hospital. Pamela Cherry's stepmother, Georgia Cherry, called the Clay County E911 Board seeking emergency services. During the call, a dispatcher, acting in the course and scope of his employment with the Clay County E911 Board, asked Georgia Cherry for Pamela Cherry's age and gender, and if she knew what was wrong with Pamela. The dispatcher then hung up the phone and dispatched an ambulance after six minutes.

17. Celina Fire Department EMS, through its employees James Barlow and Jimmy Philpott, was dispatched to provide emergency medical services to Pamela Cherry. Upon arrival, James Barlow and Jimmy Philpott did not immediately provide CPR, utilize a cardiac monitor, or begin any other emergency treatment. Pamela Cherry was subsequently taken to Macon County General Hospital. From the hospital she was flown to Vanderbilt University, where she died from a myocardial infarction on June 1, 2011.

## ALLEGATIONS OF NEGLIGENCE - HANNA C. ILIA, M.D.

18. The Defendant, Hanna C. Ilia, M.D., violated the standards of acceptable professional practice for Lafayette, Tennessee or a similar community in providing and/or failing to provide reasonable medical care and treatment to decedent, Pamela Cherry. The wrongful death of plaintiff was a direct and proximate result of the Defendants' negligence. Without limiting the specific allegations of negligence, Dr. Hanna Ilia, was specifically negligent:

    a. failing to obtain an adequate history, including cardiac history;

    b. by failing to properly diagnosis and treat Pamela Cherry for signs of a heart attack;

    c. by prematurely dismissing Pamela Cherry from the emergency room;

d. by failing to provide Pamela Cherry with sufficient information regarding her symptoms and EKG test results;

   e. releasing Pamela Cherry in unstable medical condition.

### ALLEGATIONS OF NEGLIGENCE – MACON HOSPITAL, INC. D/B/A MACON COUNTY GENERAL HOSPITAL

19. That through its agents and employees, Defendant, Macon Hospital, Inc. d/b/a Macon County General Hospital, violated standards of acceptable care in their failure to obtain an adequate history, perform a physical assessment, report complaints and observations to Dr. Ilia and for releasing Pamela Cherry in an unstable condition. The wrongful death of Pamela Cherry was a direct and proximate result of the Defendant's negligence.

### ALLEGATIONS OF GROSS NEGLIGENCE – JAMES BARLOW

20. The Defendant, James Barlow, was negligent and grossly violated the standard of acceptable care professional practice for Lafayette, Tennessee or a similar community in providing and/or failing to provide reasonable medical care and treatment to decedent, Pamela Cherry. The wrongful death of Pamela Cherry was a direct and proximate cause of James Barlow's gross negligence. Without limiting the specific allegations, James Barlow was negligent and/or grossly negligent:

   a. by failing to timely utilize a cardiac monitor when treating Pamela Cherry;

   b. by failing to timely begin CPR when treating Pamela Cherry;

   c. by failing to initiate treatment immediately after making contact with Pamela Cherry.

21. It was foreseeable that a person such as Pamela Cherry would sustain serious personal injuries and/or death as a result of the above acts of negligence and/or gross negligence.

## ALLEGATIONS OF GROSS NEGLIGENCE – JIMMY PHILPOTT

22. The Defendant, Jimmy Philpott, was negligent and grossly violated the standards of acceptable care professional practice for Lafayette, Tennessee or a similar community in providing and/or failing to provide reasonable medical care and treatment to decedent, Pamela Cherry. The wrongful death of Pamela Cherry was a direct and proximate cause of Jimmy Philpott's gross negligence. Without limiting the specific allegations, Jimmy Philpott was negligent and/or grossly negligent:

   a. by failing to timely utilize a cardiac monitor when treating Pamela Cherry;

   b. by failing to timely begin CPR when treating Pamela Cherry;

   c. by failing to initiate treatment immediately after making contact with Pamela Cherry.

23. It was foreseeable that a person such as Pamela Cherry would sustain serious personal injuries and/or death as a result of the above acts of negligence and/or gross negligence.

## ALLEGATIONS OF GROSS NEGLIGENCE – CELINA FIRE DEPARTMENT EMS

24. At all times pertinent to this Complaint, Defendants, James Barlow and Jimmy Philpott, were employees of the City of Celina and the Celina Fire Department EMS.

25. At all times pertinent to this Complaint, Defendants, James Barlow and Jimmy Philpott, were acting in course and scope of their employment with the City of Celina and the Celina Fire Department EMS.

26. Pursuant to the GTLA, Tenn. Code. Ann. §29-20-101, Defendant, the Celina Fire Department EMS, is liable for the negligent and/or grossly negligent acts and omissions of its employees through the doctrine of respondeat superior and other agency relationships.

27. It was foreseeable that a person such as Pamela Cherry would sustain serious personal injuries and/or death as a result of the above acts of negligence and/or gross negligence.

## ALLEGATIONS OF GROSS NEGLIGENCE – CLAY COUNTY E911 BOARD

28. The dispatcher, referred to in rhetorical Paragraph 16 of this Complaint, was an employee of the Clay County E911 Board and Clay County, Tennessee.

29. At all times pertinent to this Complaint, said dispatcher was acting in the course and scope of his employment with the Clay County E911 Board and Clay County Tennessee.

30. Said dispatcher was negligent and grossly violated standards of acceptable care in:

   a. Failing to obtain an appropriate assessment of Pamela Cherry's condition upon receiving the 911 call from Georgia Cherry;

   b. Failing to give the Cherry family pre-arrival instructions;

   c. Failing to assign an ambulance unit to treat Pamela Cherry within two minutes of receipt of the emergency call.

31. Pursuant to the GTLA, Tenn. Code. Ann. §29-20-101, Defendant, the Clay County E911 Board is liable for the negligent and/or grossly negligent acts and omissions of its employees through the doctrine of respondeat superior and other agency relationships.

32. It was foreseeable that a person such as Pamela Cherry would sustain serious personal injuries and/or death as a result of the above acts of negligence and/or gross negligence.

## DAMAGES

33. Pamela Cherry's death on June 1, 2011 was the direct and proximate result of Defendants' failure to comply with the applicable standard of care. Pamela Cherry left surviving as next of kin her widower, David Cherry, and her minor daughter, Stevie Nikole Cherry. As a

9

Case 2:12-cv-00043   Document 133   Filed 10/31/13   Page 9 of 12 PageID #: 1154

result of Pamela Cherry sustaining injuries and her eventual death, there were incurred medical, funeral, and burial expenses, and Pamela Cherry suffered mental and physical suffering between the time of her injury and her death.  As a further result of the wrongful death of Pamela Cherry, David Cherry and Stevie Nikole Cherry have lost her services and support, her companionship and acts of love and affection, parental guidance and training, and David's loss of marital relationship, all of which they would have otherwise received.

## AD DAMNUM

WHEREFORE, David Cherry, Personal Representative of the Estate of Pamela Cherry, deceased, seeks judgment against the Defendants, Hanna C. Ilia, M.D., Macon Hospital, Inc. d/b/a Macon County General Hospital, James Barlow, Jimmy Philpott, Celina Fire Department EMS, and Clay County E911 Board for an amount of four million five hundred thousand dollars ($4,500,000.00), which will reasonably compensate them for the damages incurred in this loss, for costs of this action, and for all other just and proper relief in the premises.

Respectfully submitted,

WILSON KEHOE WININGHAM LLC

s/D. Bruce Kehoe
D. Bruce Kehoe
Indiana Attorney #5410-49
Kelly M. Scanlan
Indiana Attorney #25779-49
WILSON KEHOE WININGHAM LLC
2859 North Meridian Street
Indianapolis, IN 46208
Tel (317) 920-6400
Fax (317) 920-6405
E-mail kehoe@wkw.com
E-mail kscanlan@wkw.com

Joe Bednarz, Sr.
BEDNARZ & BEDNARZ
Suite 2100, Parkway Towers
404 James Robertson Parkway
Nashville, TN 37219-1505
Tel (615) 256-0100
Fax (615) 256-4130
E-mail Joe@BednarzLaw.com

Attorneys for Plaintiff

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 28th day of October, 2013, I electronically filed the foregoing with the Clerk of the Court using the EM/ECF system which sent notification of such filing to the following:

Reba Brown
rbrown@lewisking.com

Maryann Stackhouse
mstackhouse@lewisking.com

Phillip North
pnorth@nprjlaw.com

Michael F. Jameson
mjameson@nprjlaw.com

Brent A. Kinney
bkinney@nprattorneys.com

John F. Floyd
johnfloyd@toddfloyd.com

Joe Bednarz Sr.
joe@bednarzlaw.com

        s/D. Bruce Kehoe
        D. Bruce Kehoe
        Indiana Attorney #5410-49
        WILSON KEHOE WININGHAM LLC
        2859 North Meridian Street
        Indianapolis, IN 46208
        Tel (317) 920-6400
        Fax (317) 920-6405
        E-mail kehoe@wkw.com
        Attorney for Plaintiff